[Cite as *Underwood v. Ohio Dept. of Transp.*, 2011-Ohio-5566.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHELLE UNDERWOOD,

Plaintiff,

v.

OHIO DEPARTMENT OF TRANSPORTATION,

Defendant.

Case No. 2011-04321-AD

Acting Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

**{¶ 1}** In her complaint, plaintiff, Michelle Underwood, alleges that on January 25, 2011, at approximately 7:40 a.m., she was traveling south on Interstate 75, "between Piqua & Troy" when her automobile struck a pothole in the roadway. The pothole caused tire and rim damage to plaintiff's vehicle.

**{¶ 2}** Plaintiff filed this complaint seeking to recover $551.41, the cost of a replacement tire and rim as well as related repair expenses resulting from the January 25, 2011 incident. Plaintiff implied she incurred these damages as a proximate result of negligence on the part of defendant, Department of Transportation ("DOT"), in maintaining the roadway. The $25.00 filing fee was paid.

**{¶ 3}** Defendant located the pothole at milepost 78.50 on I-75 in Miami County.

Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's January 25, 2011 described occurrence. Defendant argued plaintiff did not provide any evidence to establish the length of time the particular pothole was present on the roadway prior to January 25, 2011. Defendant suggested, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

**{¶ 4}** Furthermore, defendant contended plaintiff did not offer any evidence to prove the roadway was negligently maintained. Defendant related the ODOT "Miami County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident on I-75 the last time that section of roadway was inspected prior to January 25, 2011. Defendant's maintenance records show potholes were patched in the specific location of plaintiff's incident on December 26, 2010 and January 25, 2011.[1] Defendant denied DOT employees were negligent in regard to roadway maintenance.

**{¶ 5}** Plaintiff did not file a response.

CONCLUSIONS OF LAW

**{¶ 6}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that

---

[1] Based on the statements made in the complaint, the trier of facts finds that, in all likelihood, this pothole patching operation occurred as the result of one or more state troopers having notified defendant of the pothole the morning of January 25, 2011.

duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶ 8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole

on I-75 prior to the morning of January 25, 2011.

{¶ 9} Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 10} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard,* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. There is insufficient evidence to show defendant had constructive notice of the pothole.

{¶ 11} Plaintiff has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the

pothole.

{¶ 12} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215

MICHELLE UNDERWOOD,                                Case No. 2011-04321-AD

      Plaintiff,

      v.                                             Acting Clerk Daniel R. Borchert

OHIO DEPARTMENT OF TRANSPORTATION,

      Defendant.                                     <u>ENTRY OF ADMINISTRATIVE</u>
                                            <u>DETERMINATION</u>


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Acting Clerk


Entry cc:

Michelle Underwood                                 Jerry Wray, Director
1020 Park Avenue                                   Department of Transportation
Piqua, Ohio  45356                                 1980 West Broad Street
                                                  Columbus, Ohio  43223

7/1
Filed 7/19/11
Sent to S.C. reporter 10/27/11